**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| KRISTAN PARKS<br>314 17th Avenue<br>Belmar, NJ 07719<br>Plaintiff<br><br>vs.<br><br>FIFTH THIRD BANK<br>38 Fountain Square Plaza<br>Cincinnati, OH 45263<br>Defendant | CIVIL ACTION<br><br><br><br><br>NO. |
|---|---|

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). The TCPA broadly prohibits any person from placing calls and text messages using an automated telephone dialing system or artificial or prerecorded voice to a cellular phone.

2. Defendant harassed Plaintiff with autodialed collection calls to her cell phone in violation of the TCPA. All these calls were made without Plaintiff's consent. Indeed, the bank was calling about someone else's account – a fact Plaintiff repeatedly told Defendant on many of these calls. Despite Plaintiff's numerous requests for the calls to cease, Defendant continued to bombard her with repeated annoying and harassing calls.

3. Plaintiff was constrained to file this case to get the harassing calls to stop. Plaintiff seeks statutory damages for Defendant's willful violations of the TCPA as well as punitive damages for invasion of privacy under New Jersey law.

## II. JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

6. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and the Defendant transacts business here.

## III. PARTIES

7. Plaintiff Kristan Parks is a natural person who resides in Belmar, NJ at the address captioned.

8. Defendant Fifth Third Bank is a bank with its main office headquartered in Cincinnati, OH at the address captioned.

9. Fifth Third Bank at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## IV. STATEMENT OF CLAIM

10. Plaintiff Kristan Parks has a cellular telephone number (ending in 3710) which she carries on her person and regularly uses.

11. At all relevant times, this phone number was assigned to a cellular telephone service Plaintiff used and paid for.

12. Within the past four years, Fifth Third Bank began placing calls to Plaintiff's cellular telephone.

13. Plaintiff never had any account with Fifth Third Bank. Indeed, she had never even heard of Fifth Third Bank.

14. During these calls, Fifth Third Bank would say it was calling to speak to a person by the name of "Christy A. Need."

15. Plaintiff immediately told Defendant there was no one there by that name.

16. Plaintiff also told Fifth Third Bank that it was calling the wrong person and was not to call her cell phone number.

17. Despite these instructions, the calls by Fifth Third Bank to Plaintiff's cell phone continued unabated.

18. The calls would come at different times during the day, and often at times that were harmful for Kristan – such as when she was at work, or dangerous for Kristan – such as when she was in her car driving. Fifth Third robo called her during family functions. These calls caused her frustration, embarrassment and humiliation.

19. The calls would come in rapid succession, and day after day.

20. For example, in the first week of January 2015, Fifth Third Bank called Kristan's cell phone three times between 9:09am and 9:11am on January 6, 2015, called her twice the very next day, and then called her twice again on January 8, 2015.

21. Fifth Third Bank placed hundreds of calls to Plaintiff's cell phone in the past four years.

22. When Kristan would answer these calls, there would be a long pause or a recording, consistent with an automated telephone dialing system.

23. It is believed, and therefore averred, that the calls made by Fifth Third Bank to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

24. Fifth Third Bank did not have the "prior express consent" that is required by the TCPA.

25. Plaintiff told Fifth Third bank to stop calling her cell phone, but the calls did not cease.

26. These telephone calls were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

27. Defendant willfully placed these auto-dialed calls to Plaintiff without Plaintiff's consent.

28. The repetitive, incessant calls have caused Plaintiff emotional harm and distress, embarrassment, aggravation, discomfort and other losses.

29. The ongoing calls from Fifth Third Bank are harassing and abusive.

**COUNT I – TELEPHONE CONSUMER PROTECTION ACT**

30. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

31. Defendant has violated the TCPA, 47 U.S.C. § 227 et seq., and its implementing Regulation at 47 C.F.R. § 64.1200 et seq., by making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

32. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call to her cellular phone.

**WHEREFORE**, Plaintiff Kristan Parks respectfully requests that judgment be entered against Defendant Fifth Third Bank for the following:

(a) Statutory damages for each call, pursuant to the TCPA;

(b) A declaration that Defendant's calls violate the TCPA;

(c) Such other and further relief as the Court shall deem just and proper.

**COUNT II – INVASION OF PRIVACY**

27. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

28. Defendant Fifth Third Bank, through its conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

29. Fifth Third Bank's tactic of repeatedly auto dialing Plaintiff is highly offensive to a reasonable person.

30. Fifth Third Bank intentionally intruded upon Plaintiff's solitude and seclusion.

31. As a result of Fifth Third Bank' action or inaction, Plaintiff has been damaged.

32. The repetitive, auto-dialed calls to Plaintiff have caused emotional harm and distress, embarrassment, humiliation, and other losses.

33. The calls to Plaintiff by Fifth Third Bank are harassing, aggravating and highly intrusive.

WHEREFORE, Plaintiff Kristan Parks respectfully requests that judgment be entered against Defendant Fifth Third Bank for the following:

(a) Damages;

(b) Punitive damages;

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 4/2/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

**FLITTER LORENZ, P.C.**
4525 Route 73 South, Suite 200
Marlton, NJ 08053
(856) 396-0600

**Attorneys for Plaintiff**